**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Toney Eugene Stith, ) | CV 16-0794-TUC-DCB (LAB) |
|     Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| State of Arizona; et al., ) | |
| ) | |
|     Respondents. ) | |
| ) | |

Pending before the court is an amended petition for writ of habeas corpus filed in this court on May 8, 2017, by Toney Eugene Stith, an inmate currently held in the Arizona State Prison Complex in Yuma, Arizona. (Doc. 10)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition. The evidence presented at trial was sufficient to sustain the verdict.

Summary of the Case

Stith was convicted after a jury trial of "felony murder and two counts each of attempted armed robbery, attempted aggravated robbery, and kidnapping." (Doc. 21, p. 65) The trial court sentenced him to "life in prison with the possibility of release after twenty-five years on

the murder charge" and concurrent prison terms, the longest of which was 15.75 years. (Doc. 21, p. 65)

On direct appeal, Stith's counsel filed an *Anders* brief. (Doc. 21, p. 21); *see Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1969). Stith filed a brief, pro se, arguing the evidence was insufficient for conviction and his restitution order was illegal. (Doc. 21, p. 32) On July 15, 2013, the Arizona Court of Appeals affirmed his convictions and sentences except for his criminal restitution order, which was vacated. (Doc. 21, pp. 64-67) Stith filed a motion for reconsideration, which was denied on September 17, 2013. (Doc. 21, p. 76) He did not file a petition for review with the Arizona Supreme Court. (Doc. 20, p. 4)

On September 23, 2013, Stith filed notice of post-conviction relief. (Doc. 21, p. 79) He filed a petition, which was fully briefed, and an amended petition, which was also fully briefed. (Doc. 32, p. 11) Stith argued (1) the trial court gave an erroneous jury instruction on felony murder, (2) counsel was ineffective for failing to impeach his girlfriend's testimony that she saw him the day of the robbery in the company of the co-defendant Carlos Peyron, and (3) counsel was ineffective for failing to argue that the real perpetrator was a black man named Torson Diaz. (Doc. 23, pp 11-15) On March 22, 2016, the trial court denied the petitions finding the jury instruction issue was waived and counsel was not ineffective. *Id.* On July 16, 2016, Stith filed an untimely petition for review. (Doc. 23, p. 1); *see* Ariz.R.Crim.P. 32.9(c) (thirty days to file petition for review) The name of the court, the Arizona Court of Appeals, appears in the title of the petition, but it appears from the clerk's filing stamp that the petition was erroneously filed in the Superior Court. (Doc. 23, p. 1); *see* Ariz.R.Crim.P. 32.9(c) (The petition for review . . . shall be filed in the appellate court.") It does not appear that the petition for review was ever received by the court of appeals.

On December 27, 2016, Stith filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He filed an amended petition on May 8, 2017. (Doc. 10) He claims (1) trial counsel was ineffective for failing to impeach his girlfriend's testimony that she saw Stith earlier on the day of the attempted robbery in the company of Carlos Peyron, his co-defendant, when, in fact, he was in the company of a different Carlos; (2) the trial court

gave an erroneous instruction on felony murder; (3) the evidence was insufficient for a conviction; and (4) the state's failure to offer a plea violated the equal protection clause of the U.S. Constitution. (Doc. 10)

On August 16, 2017, the respondents filed an answer to the petition arguing that it is time-barred and Claims (1), (2), and (4) are procedurally defaulted. (Doc. 20) At the court's instruction, the respondents filed a supplement to their answer on September 5, 2017. (Doc. 25) Stith filed a reply the same day, and the respondents filed a second supplement the next day on September 6, 2017. (Doc. 27); (Doc. 26)

The respondents argue that Claim (4) is untimely, Claims (1), (2) and (4) are procedurally defaulted, and Claim (3) should be denied on the merits. (Doc. 26) The court agrees that Claim (3) should be denied on the merits and Claims (1), (2) and (4) are procedurally defaulted. The court does not reach the respondents' argument on timeliness.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

"[The] standard is intentionally difficult to meet." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of th[e] [Supreme] Court's decisions." *Id.*

A decision is "contrary to" Supreme Court precedent if that Court already confronted "the specific question presented in this case" and reached a different result. *Woods*, 135 S.Ct. at 1377. A decision is an "unreasonable application of" Supreme Court precedent if it is "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.* at 1376. "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (punctuation modified)

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a *federal* constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 888 (1995); *Casey*

- 4 -

*v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim should be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

Claims (1), (2), and (4): Procedural Default

In Claim (1), Stith argues trial counsel was ineffective for failing to impeach his girlfriend's testimony that she saw Stith earlier on the day of the attempted robbery in the company of Carlos Peyron, his co-defendant, when, in fact, he was in the company of a different Carlos. (Doc. 10) In Claim (2) Stith argues the trial court gave an erroneous instruction as to felony murder. These claims appear in his petition for post-conviction relief. They were not, however, properly presented to the Arizona Court of Appeals, so they were not properly exhausted.

Stith filed a petition for review on July 16, 2016, but it was untimely. (Doc. 23, p. 1); *see* Ariz.R.Crim.P. 32.9(c) (thirty days to file petition for review) Moreover, it appears that the petition was erroneously filed in the Superior Court, not the Arizona Court of Appeals. (Doc. 23, p. 1); *see* Ariz.R.Crim.P. 32.9(c) (The petition for review . . . shall be filed in the appellate court.").

Stith therefore did not properly exhaust his claims before the state court. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). He cannot remedy this error now because the deadline for filing an appeal has passed. *See* Ariz.R.Crim.P. 32.9 His claims, therefore, are procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

Stith states in his reply that he filed his petition for review twice. He does not indicate where he sent those petitions, however. This court could not find any indication that Stith filed one of his petitions with the Arizona Court of Appeals. *See* https://www.appeals2.az.gov.

Stith cannot file a petition for review now; the deadline has passed. Ariz.R.Crim.P. 32.9(c). He cannot correct this error by filing a second post-conviction relief (PCR) petition; his issues are waived. *See* Ariz.R.Crim.P. 32.2(a), 32.4(a) Claims (1) and (2) are procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

1    In Claim (4), Stith argues the state's failure to offer a plea agreement violated the equal
2 protection clause of the U.S. Constitution. (Doc. 10) This claim was not raised at all in the
3 state courts. And he cannot raise it in a second PCR petition because the issue is waived. *See*
4 Ariz.R.Crim.P. 32.2(a), 32.4(a)   Claim (4) also is procedurally defaulted. *See Franklin v.*
5 *Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

Claim (3): Sufficiency of the Evidence

In Claim (3), Stith argues the evidence presented at trial was insufficient to support his conviction. (Doc. 10) This claim was presented in Stith's direct appeal. (Doc. 21, p. 55); (Doc. 21, p. 65) The respondents concede this claim was properly exhausted. They argue it should be denied on the merits. This court will assume, without deciding, that Claim (3) asserts a federal constitutional claim. *See* 28 U.S.C. § 2254(a).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073 (1970). On review for sufficiency of the evidence "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis in original). Because this issue is raised in a petition for writ of habeas corpus, Stith is entitled to habeas relief only if the state court's decision on this matter was contrary to, or an unreasonable application of the *Jackson* standard. 28 U.S.C. § 2254(d)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

At trial, the following evidence was presented: In May of 2010, three Hispanic men and one black man attempted to rob a car stereo store. (Doc. 21, p. 66) The four men held the store owner and one employee at gunpoint. *Id*. "The employee victim testified it was 'the black guy' who held a gun to his back and that 'the black man' had threatened him." *Id*. The robbers demanded money and stereo equipment. *Id*. The owner and his employee eventually managed to break free and grab their own guns. *Id*. A melee ensued; gunshots were exchanged; one of

1 the robbers was shot and killed. *Id*. When the police arrived, they arrested the men they found
2 in the store. *Id*. One of the men arrested was Stith and one was Carlos Peyron. *Id*.

Apparently, the black robber had a hood pulled over his face, and at trial, none of the victims was able to positively identify Stith as the black man who participated in the robbery. (Doc. 21, pp. 34-35)

Stith's girlfriend testified that she saw Stith earlier in the day in the company of three Hispanic men, one of whom was Carlos Peyron. (Doc. 21, p. 66) The Arizona Court of Appeals concluded that "[a]lthough largely circumstantial, this was sufficient evidence from which a rational juror could find Stith guilty beyond a reasonable doubt, and the trial court therefore did not err in denying Stith's Rule 20 motion." *Id*.

Stith argues that he was not the black man who participated in the robbery. (Doc. 10, pp. 15-16) The employee victim testified that a black man threatened him with a gun, but he could not identify Stith as that man. *Id*. The black robber was wearing a grey sweater with a hood pulled low over his eyes, but when Stith was arrested, he was wearing a blue T-shirt, no sweater. *Id*. His DNA was not found on any of the robbers' guns. *Id*.

Stith highlights evidence that could convince a rational juror that he was not "the black robber." That, however, is not the test. The test is, "after viewing the evidence in the light most favorable to the prosecution," could "*any* rational trier of fact . . . have found the essential elements of the crime beyond a reasonable doubt?" *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis in original) (punctuation modified) The Arizona Court of Appeals applied this standard and concluded, not unreasonably, that the evidence was sufficient. (Doc. 21, pp. 65-66)

Stith was arrested in the stereo store after the robbery had been foiled. (Doc. 21, p. 66) Stith is black, and the employee victim testified that one of the robbers was black. *Id*. Stith was seen earlier in the day in the company of Carlos Peyron, one of the other robbers arrested in the stereo store. *Id*. The evidence against Stith was "largely circumstantial," but a rational trier of fact could have found "the essential elements of the crime beyond a reasonable doubt." *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789 (emphasis in original). The decision of the Arizona

Court of Appeals denying this claim was not contrary to or an unreasonable application of Supreme Court precedent.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition for writ of habeas corpus. Claim (3) should be denied on the merits. Claims (1), (2), and (4) are procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without the permission of the District Court.

DATED this 2nd day of October, 2017.



Leslie A. Bowman
United States Magistrate Judge