**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Toney Eugene Stith,<br><br>　　　　Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>　　　　Respondents. | No. CV-16-00794-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge Leslie A. Bowman for a Report and Recommendation regarding disposition of this case. LRCiv. 72.1(a). On October 2, 2017, Magistrate Judge Bowman issued a R&R. She recommends that the Court deny the Petition for Writ of Habeas Corpus. After an independent review of the record, the Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and denies the Petition.

Stith was convicted after a jury trial of felony murder and two counts each of attempted armed robbery, attempted aggravated robbery, and kidnapping. He was sentenced to life in prison with the possibility of release after twenty-five years on the murder charge. On direct appeal, his conviction was affirmed. He filed for post-conviction relief in state court, but it was denied on March 22, 2016.

- 1 -

On July 16, 2016, he filed a late appeal and filed it with the Superior Court instead of the Arizona Court of Appeals.

On December 27, 2016, Stith filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and filed an Amended Petition on May 8, 2017. The Defendant filed an Answer, which asserted the Petition was barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) one-year statute of limitation and procedural bar, but miscalculated the limitation period based on the filing date of the Amended Petition, not the original Petition. The Magistrate Judge asked for further briefing. A Supplemental Answer was filed on September 5, 2017. Petitioner filed a Reply. Subsequently, the Magistrate Judge found that Claim One, Two and Four are procedurally defaulted and Claim Three fails on the merits.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28

U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Petitioner filed three documents, all captioned: "Response to Second Supplement to Limited Answer to Petition for Writ of Habeas Corpus" (Docs. 29, 30, and 30-1.) The Court considers Petitioner's arguments in these filings as his objections to the R&R, and the Court considers the parties' briefs considered by the Magistrate Judge in deciding the Petition.

## OBJECTIONS

The Petitioner accepts that Claim Four was not properly exhausted, but objects to dismissal of Claims One, Two, and Three. He contends that these are claims he has been pushing from the beginning.

In Claim One, Petitioner asserted his trial counsel was ineffective for failing to impeach his girlfriend's testimony that she saw Stith earlier on the day of the attempted robbery in the company of Carlos Peyron, his co-defendant, when in fact he was in the company of a different Carlos. (R&R (Doc. 28) at 6 (citing Amended Petition (Doc. 10)). "In Claim Two, Petitioner Stith argues the trial court gave an erroneous instruction as to felony murder." *Id.* These claims were

first raised on September 23, 2013, when Stith filed a petition for post-conviction relief. (R&R (Doc. 28) at 2 (citations omitted). On March 22, 2016, the trial court rejected these claims and denied him post-conviction relief.

The Magistrate Judge correctly found: 1) these claims were not properly exhausted because Stith filed an untimely petition for review on July 16, 2016, which exceeded the thirty days allowed to seek review; 2) he incorrectly filed the petition with the Superior Court instead of with the Arizona Court of Appeals so the Petition was never reviewed by the appellate court, and 3) these claims are procedurally defaulted because the deadline to file the petition has passed and he cannot file a petition for review now. "If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review." (R&R (Doc. 20) at 5 (citations omitted).

Petitioner did raise Claim Three from the beginning. In his direct appeal, he argued that the evidence was insufficient to support his conviction. "The Arizona Court of Appeals concluded that '[a]lthough largely circumstantial, this was sufficient evidence from which a rational juror could find Stith guilty beyond a reasonable doubt, and the trial court therefore did not err in denying Stith's Rule 20 motion.'" (R&R (Doc. 28) at 8 (quoting (Memorandum Decision (Doc. 21) at 66.) The evidence at trial, as summarized by the Magistrate Judge is, as follows:

> In May of 2010, three Hispanic men and one black man attempted to rob a car stereo store. [] The four men held the store owner and one employee at gunpoint. [] "The employee victim testified it was 'the black guy' who held a gun to his back and that 'the black man' had threatened him." []. The robbers demanded money and stereo equipment. [] The owner and his employee eventually managed to break free and grab their own guns. [] A melee ensued; gunshots were exchanged; one of the robbers was shot and killed. [] When the police arrived, they arrested the men they found in the store. [] One of the men arrested was Stith and one was Carlos Peyron. []
>
> Apparently, the black robber had a hood pulled over his face, and at trial, none of the victims was able to positively identify Stith as the black man who participated in the robbery. []

> Stith's girlfriend testified that she saw Stith earlier in the day in the company of three Hispanic men, one of whom was Carlos Peyron. []

(R&R (Doc. 28) at 7-8 (citations omitted).

Stith's defense was that he was not the black man that participated in the robbery. He unwittingly walked into the store during the robbery. He points out that "[t]he employee victim testified that a black man threatened him with a gun, but he could not identify Stith as that man. [] The black robber was wearing a grey sweater with a hood pulled low over his eyes, but when Stith was arrested, he was wearing a blue T-shirt, no sweater. [] His DNA was not found on any of the robbers' guns. []" *Id.* at 8 (citations omitted). As noted by the Magistrate Judge, "Stith highlights evidence that could convince a rational juror that he was not 'the black robber.'" *Id.*

In summary, the circumstantial evidence that convicted Stith was as follows: "Stith was arrested in the stereo store after the robbery had been foiled. [] Stith is black, and the employee victim testified that one of the robbers was black. [] Stith was seen earlier in the day in the company of Carlos Peyron, one of the other robbers arrested in the stereo store. []" *Id.* (citations omitted).

In his objection to the R&R, Stith relies heavily on evidence allegedly discovered after his direct appeal that police had shown his girlfriend a photo line-up and she picked out the photo of the individual that most resembled Carlos, and was told that person was not their suspect. Police then showed her the person in the line-up who was Carlos Peyron. She told police the picture could be of the Carlos she knew to hang out with Stith, but all Hispanic males with shaved heads looked the same to her.

Petitioner admits this evidence was presented to the trial court in his post-conviction relief petition. An evidentiary hearing was held, and his girlfriend was called to testify. (Response (Doc. 30) at 3.) The trial court was not persuaded and

denied him post-conviction relief. Petitioner argues that if he had not mistakenly filed his appeal in the Superior Court instead of with the Arizona Court of Appeals, he is certain the Court of Appeals would have found "that this withheld evidence would have altered at least one juror's assessment of this case." (Objection (Doc. 30) at 8. There are two problems with this argument. First, Stith did not file a timely appeal, and he did not file an appeal with the Arizona Court of Appeals. Claim One is procedurally defaulted, and Stith cannot bootstrap it to Claim Three challenging the sufficiency of the evidence at trial to support his conviction.

Second, Plaintiff misunderstands the standard that applies to a petition for habeas relief. It is not as he suggests: whether one juror might believe him to be innocent. "The test is, 'after viewing the evidence in the light most favorable to the prosecution,' could 'any rational trier of fact . . . have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Put another way, "the [Petitioner] is entitled to habeas relief if it is found that . . . "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324. In other words, if even one rational juror could have found him guilty-- the verdict stands.

The Arizona Court of Appeals applied this standard, therefore, its denial of Claim Three was not contrary to or an unreasonable application of the Supreme Court precedent. The Magistrate Judge in her R&R, likewise, applied the proper standard, and this Court agrees that the verdict stands.

## CONCLUSION

After a *de novo* review of the issues presented in Petitioner's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the Amended Petition for Writ of

Habeas Corpus. The Court adopts it, and for the reasons stated in the R&R, the Court denies the Amended Petition.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 28) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition (Doc. 10) is DENIED.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases because reasonable jurists would not find the Court's procedural ruling debatable as to Claims One, Two, and Four. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that the Court issues a certificate of appealability as to Claim Three.

Dated this 22nd day of January, 2018.

Honorable David C. Bury
United States District Judge